Moncure, P.,
delivered the opinion of the court.
This is a writ of error to a judgment of the corporation court of Fredericksburg, in, *621 a case of misdemeanor. The plaintiff in error, James P. Wooddy, was indicted for acting as a ship-broker without a license. The indictment found against him contained two counts. In the first, it was charged generally, that he “did unlawfully act as a ship-broker without a license authorized by law.” *In the second, it was charged specially, that he “did unlawfully act as a ship-broker without a license authorized by law, by engaging in the management of certain business matters occurring between the owners of the schooner Lizzie Titus, whose names are to the jurors unknown, acting through their agent, William E. Phillips, captain of said Schooner Lizzie Titus, and the shippers of freight carried on said schooner, the names of said shippers being also to the jurors unknown.” The defendant pleaded not guilty to the indictment. A jury was sworn to try the issue joined on that plea, and having heard the evidence, found a verdict in these words: “We, the jury, find the defendant, Captain J. P. Wooddy, guilty as charged in the indictment, and assess his fine at one hundred dollars. R. B. Berry, foreman.” The defendant moved the court to set aside the verdict of the jury and grant him a new trial; which motion the court overruled. And judgment was thereupon rendered according to the verdict. To the action of the court in overruling the said motion, the defendant excepted, and the facts proved on the trial of the cause were certified in the bill of exceptions. The defendant applied to this court for a writ of error to the said judgment; which was accordingly awarded.
Several errors are assigned in the petition for a writ of error, but there is only one question in the case: whether, upon the facts proved in the case, the plaintiff in error acted as a ship-broker in the transaction certified to have been proved on the trial.
The law under which the indictment was found is the act approved March 27, 1876. Acts of assembly 1875-6, p. 162. By section 62 of that act, page 189, it is, among other things, enacted that “no person or corporation shall, without a license authorized by law, act as a ship-broker, stock-broker or private banker. Any person engaged in *the management of business mat-j ters occurring between the owners of vessels and the shippers or consignors of the freight which they carry, shall be deemed to be a ship-broker,” &c. “Any person or corporation violating the provisions of this section shall pay a fine of not less than one hundred dollars nor more than five thousand dollars for each offence.” And by section 63 of the same act, page 190, it is enacted that “the specific license tax on a ship-broker shall be twenty dollars.”
A definition of “ship-broker” is thus given by the act. And “did the defendant act as such ship-broker, in the meaning of the said definition, in the transaction referred to,” is the question we now have to solve.
The facts certified to have been proved at the trial are as follows: “That James P. Wooddy, the accused, had not a ship-broker’s license as required by the state of Virginia, upon the 29th day of August, 1877, nor since that date, nor for twelve months before; that on the 21st or 22d of August, 1877, the accused, being the agent for the owners of a large amount of lumber in the town of Fredericksburg, and the owners residing in New York city, offered one Captain W. E. Phillips, the captain of a schooner called the Lizzie Titus, which had recently before arrived in Fredericksburg from New York, a return freight or load of lumber at $5 per 1,000 feet as freight, provided Captain Phillips would allow him (Wooddy) a commission of two and a half per cent, on the amount received by Captain Phillips as freight on said lumber; that Captain Phillips would not agree to this, and that Captain Wooddy then offered, by writing to his principals in New York, to obtain for Phillips, as freight, $5.50 per thousand feet of lumber if Captain Phillips would allow him (Wooddy) a commission of five per cent, on the amount he was to receive from the freight on said lumber; that Captain Phillips did not agree to *this; that the freight for said lumber was then fixed at five and a half dollars for 1,000 feet of said lumber; all the attempts at bargaining occurred in presence of A. Kish-paugh, and the schooner loaded with the same; that during the loading of the lumber Captain Wooddy was about the schooner, and in the hold working as well as superintending the loading of the lumber, and employed two men to assist the crew, and these two men were paid by the accused; these duties performed by the accused were those of a stevedore; that after the schooner was loaded Captain Wooddy demanded of Captain Phillips five per cent, commission on the amount of said freight on said lumber, which was a little over $25.00; that Captain Phillips refused to ray this amount, and both parties agreed to submit the matter to A. Kishpaugh, a merchant of Fred-ericksburg, to whom the cargo brought by the Lizzie Titus to that place had been consigned, and that Kishpaugh advised, as a. settlement of the matter, that Captain Phillips pay to Captain Wooddy two and a half per cent, of the amount of said freight, which being agreed to, Kishpaugh drew up a receipt, which was carried off by Captain Phillips when he sailed, and is now outside of the commonwealth; this receipt was for twelve dollars and some cents, stated to be for commission on charter of freight due to said Wooddy and signed by said Wooddy on his receiving said amount of twelve dollars and some cents from Captain Phillips in payment of the same; that Captain Phillips was the agent for the owners of the Lizzie Titus, _ the owners being non-residents of Virginia, and their names unknown; that during the loading of the vessel Captain Phillips was absent from his vessel nearly all the time at the store of A. Kishpaugh; that after argument *622 by counsel the jury retired, and after a short absence the jury returned into court with a verdict of guilty and assessment of the fine of *the accused at one -hundred dollars; thereupon, the accused moved to set aside the verdict, and asked that he be allowed until the next day to be heard in argument on his motion.”
The court is of opinion, that the accused did not act as a ship-broker, within the meaning of the said definition, in the transaction referred 'to in the said statement of facts. He was not thereby engaged in the management of a business matter occurring between the owners of the schooner “Lizzie Titus” and the shippers or consignors of the lumber which it carried on the occasion referred to. The transaction was a single one between the accused, who was the agent of the owners of the lumber, (the said agent residing in Fredericksburg, and the said owners of the lumber in the city of New York), and Phillips, the captain of the said schooner. It does not' appear that the owners of the said lumber, or the owners of the said schooner, all of whom were, no doubt, non-residents of the state, had anything to do with the transaction, or ever had any knowledge of it. The accused made two.propositions to Phillips to furnish him with a return load of lumber for the said schooner, on condition of receiving from him a certain commission on the freight; each of which was rejected. Afterwards, without any new proposition or any agreement in regard to receiving any such commission, so far as the record shows, the vessel was loaded with the said lumber, and the freight for the same was fixed at five and a half dollars per thousand feet of said lumber. During the loading of the lumber the accused, Captain Wooddy, was about the schooner and in the hold working, as well as superintending the loading of the lumber, and employed two men to assist the crew, and these two men were paid by the accused. These duties performed by the accused were those of a stevedore, “whose occupation is to load *and unload vessels in port.” After the schooner was loaded, Captain Wooddy demanded of.Captain Phillips five per cent, commission on the amount of the freight on the lumber, which was a little over $25. Captain Phillips refused to pay this amount, and both parties agreed to submit the matter to A. Kishpaugh, a merchant of Fred-ericksburg, to whom the cargo brought by the schooner to that place had been com signed. Kishpaugh advised,, as a settlement of the matter, that Captain Phillips should pay to Captain Wooddy two and a half per cent, of the amount of said freight; which being agreed to by the parties, the same was accordingly paid, amounting to twelve dollars and some cents, which was stated in the receipt given for the same “to be for commission on charter of freight due to said Wooddy.” Captain Phillips was the agent of the owners of the schooner, who were non-residents of Virginia, and whose names were unknown. During the loading of the vessel Captain ■ Phillips was absent therefrom nearly all the time at the store of A. Kishpaugh.
Thus it appears that the compensation received by the accused from the said Phillips was merely for services performed by the former, at the request or with the consent and acquiescence and for the benefit of the latter, and the amount was fixed by an arbitrator agreed upon by the parties, and’that in performing those services the accused acted as a stevedore, and not as a ship-broker. It is not probable that'there is a licensed ship-broker, or any occasion for any, in the city of Fredericksburg. • We are informed that there are but two in the city of Richmond; though these facts do not appear in the record, and they are not material to the decision of this case.
The court is therefore of opinion that the said judgment is erroneous and ought to be reversed and annulled, and the verdict of the jury set aside, and the cause remanded *for a new trial to be had therein according to the foregoing opinion.
The judgment was as follows:
The court is of opinion,' for reasons stated in writing and filed with the record, that the plaintiff, in error did not act ás a ship-broker in the transaction stated in the certificate of facts proved at the trial of this cause, and that the corporation court of Fredericksburg erred in overruling the motion of the plaintiff in error to set aside the verdict of the jury and grant him a" new trial. Therefore it is considered, ordered and adjudged, that the said judgment of the said corporation court is erroneous, and that it be reversed and annulled, and that the. verdict of the jury be set aside, and the cause remanded to the corporation court for a new trial to be had therein in conformity with the foregoing opinion; which is ordered to be certified to the said corporation court of Fredericksburg.
Judgment reversed.